IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrine Chieves,<br><br>       Plaintiff,<br><br>v.<br><br>State of South Carolina Richland Probate Court Commitment Division,<br><br>       Defendant. | C/A No. 6:23-cv-4195-JFA-KFM<br><br>**ORDER** |

 Darrine Chieves ("Plaintiff"), proceeding pro se, filed this civil action seeking damages and injunctive relief from the defendant. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

 After performing an initial review of the Complaint, the Magistrate Judge assigned to this action[1] issued an order informing Plaintiff that the complaint contained several deficiencies as drafted and providing him with time to file an amended complaint to correct those deficiencies. (ECF No. 5). Plaintiff filed an amended complaint on October 2, 2023. (ECF No. 7).

 After Plaintiff filed his amended complaint, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 15). Within the Report, the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Magistrate Judge opines that this action should be summarily dismissed. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 30, 2023. *Id.* The Magistrate Judge required Plaintiff to file objections by November 13, 2023. *Id.* Plaintiff failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that this action is subject to summary dismissal for several reasons.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 15). Consequently, this action is summarily dismissed. Because Plaintiff has had

an opportunity to file an amended complaint, this matter is dismissed with prejudice and without leave for further amendment.

As noted in the Report, Plaintiff is a prolific *pro se* filer who has burdened the court with numerous frivolous filings. Accordingly, the plaintiff is specifically warned that continuing to file vexatious, frivolous, or duplicative lawsuits may result in the imposition of prefiling restrictions as federal courts may issue prefiling restrictions when vexatious conduct hinders the court from fulfilling its constitutional duty. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (published).

IT IS SO ORDERED.

December 15, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge